[Civ. No. 8480. Second Appellate District, Division Two.—July 20, 1934.]

EAST–WEST REFINING COMPANY (a Corporation), Respondent, v. S. B. COWAN, Appellant.

Davis & Thorne and H. J. Bischoff for Appellant.

Joseph Musgrove, Fred O. McGirr and Thomas H. Cannan for Respondent.

ARCHBALD, J., *pro tem.*—From a judgment against him entered on findings of fact and conclusions of law filed by the trial judge, defendant Cowan has appealed.

The complaint was based on the common counts. Count I charged in substance that defendants became indebted to plaintiff in the sum of $5,477.70 for goods, wares and merchandise sold and delivered to them at their special instance and request within two years last past, and for which defendants and each of them promised and agreed to pay; further alleging the failure to pay said sum or any part thereof. The findings support such allegation. The evidence shows without dispute that for the year ending December 31, 1928, respondent, under a written contract, sold appellant the gasoline required by him at his place of business for six cents per gallon ''under the Standard Oil Com-

pany service station prices for 'Red Crown' gasoline in Los Angeles at time of delivery'', within certain maximum and minimum price limits; that it sold and delivered gasoline to appellant after December 31, 1928, and until September 2, 1930, at which time the latter's business was taken over by a purchaser; that invoices were prepared by respondent accompanying each delivery, specifying the number of gallons delivered and the price per gallon, one copy of which was left with appellant or someone in his employ and one was signed by appellant or such employee and returned to respondent's deliveryman; that monthly statements were sent by respondent to appellant showing dates of delivery, numbers of such invoices and the amount of each charge, as well as the aggregate for the month, the balance owing from the previous month and payments credited. The amounts charged for gasoline on such invoices were paid by appellant without objection as to price or otherwise until the month of May, 1930, and the judgment entered is for the months from May 1 to September 2, 1930.

Appellant urges that there is no evidence to support the findings and judgment. The serious conflict in the evidence is as to whether or not the gasoline delivered after the expiration of said written contract was to be sold, as appellant claims, at the rate fixed by such contract unless appellant was notified of a change, or at the best prices seller could make, as claimed by respondent. The trial court settled such conflict by accepting respondent's evidence in that regard and we are bound thereby.

It is also urged that there is no evidence of reasonable value of the gasoline furnished. No attempt was made to prove the reasonable value thereof.

Appellant contends that there is no evidence of an agreed price or that the prices charged are the best respondent could make. With such contention we cannot agree. The allegation of the complaint and the finding made are to the effect that appellant agreed to pay said sum of $5,477.70. The evidence which the court accepted is that respondent was to furnish said gasoline at the best price seller could make. It must be presumed, giving effect to the presumption of fair dealing in private transactions (Code Civ. Proc., sec. 1963 [19]), that the prices charged were such prices. In other words, in our opinion respondent made *prima facie*

proof of the agreed price sufficient to support the finding and judgment. There is other evidence in addition to that, showing that no objection was made by appellant at any time to the prices charged, although he accepted and used the gasoline, and that appellant agreed to pay the balance of the bill ''as he collected the money from accounts that were due him'', and that ''he would make me [respondent's president] wait for it''; also that ''there was nothing said that the bill was not due, and it was not disputed in any way, shape or form'', or that the price was to be according to the written contract. Of course, such evidence is disputed, but in our opinion there is evidence supporting the judgment, and that is as far as we can go.

Error is also claimed in the allowance of interest from the date of the commencement of the action. Section 1 of the initiative measure approved at the general election November 5, 1918 (Stats. 1919, p. lxxxiii), provides that ''the rate of interest upon the loan or forbearance of any money, goods or things in action or on accounts after demand . . . shall be seven dollars upon the one hundred dollars for one year, and at that rate for a greater or less sum or for a longer or a shorter time''; and section 3302 of the Civil Code provides that ''the detriment caused by the breach of an obligation to pay money only is deemed to be the amount due by the terms of the obligation, with interest thereon''. The evidence supports the conclusion that payment of the obligation here was demanded September 2, 1930, so we do not see how appellant can complain under the facts expressly and impliedly found by the court, if the court fixed the demand on the day complaint was filed; September 16, 1930, the law providing, as it does, for the payment of interest on such demands.

Judgment affirmed.

Stephens, P. J., and Desmond, J., concurred.